This case is before the court on defendant’s motion for summary judgment. Plaintiff participates as a lender in the Federal Insured Student Loan Program, 20 U.S.C. §§ 1071 et seq. (1976), and seeks recovery of the unpaid balances of certain student loans it issued under that program. The Government denies liability, asserting that plaintiff improperly disbursed the loan funds before receiving the Government’s insurance commitment and, consequently, forfeited insurability as to these funds. In addition, the *669 Government counterclaim for the interest benefits and special allowances already paid the plaintiff on the loans. For the reasons hereafter stated, we reject the Government’s motion as premature.
This case was previously the subject of an order of this court dated October 31, 1980, 225 Ct.Cl. 698. Defendant had then filed a motion for judgment on the pleadings. We quote the main portions of that order:
The facts in the recent American Bank decision [American Bank of San Antonio v. United States, 224 Ct.Cl. 482, 633 F.2d 543 (1980)] were nearly identical to those in the present case. In fact, in both cases the plaintiff has sought to rely upon an alleged authorization by Mr. Leo Hatten, a regional employee of the Office of Education, to disburse the funds, or his alleged waiver of the requirement of prior authorization from the central office.. . .
Although it appears that many of the factual issues involved in the present case were resolved in American Bank, this plaintiff was not a party in that case and, therefore, the factual findings in American Bank are not conclusive in this case.. . .
In addition to the authority of Leo Hatten, plaintiff has raised factual issues regarding whether the Office of Education made insurance commitments on these loans, whether the requirement of a written commitment prior to disbursement was waived, and whether the Government ratified the early disbursement by instituting actions to collect on the defaulted loans.
Based upon all the papers before us, and rejecting the defendant’s erroneous reliance on the factual findings in American Bank, we conclude that material issues of fact remain and that this case cannot presently be decided solely upon questions of law. Thus, judgment on the pleadings would be inappropriate since it does not appear "to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim.”
Defendant entered its motion for summary judgment herein on December 19, 1980, approximately seven weeks after the issuance of the above-quoted order. Defendant rests upon the same grounds as it rested upon in its earlier motion; the basic difference between the two motions is that defendant has added three updated affidavits of individuals *670 who were HEW officials during the relevant time period. Plaintiff fairly characterizes these affidavits as "self-serving”. Further, plaintiff states that it has previously filed motions for production of documents and has also proposed to depose the three affiants as well as other HEW officials, present and former. Plaintiff notes: "In each instance, however, Defendant has sought to prevent Plaintiffs discovery. . . .” Plaintiff continues: "Thus, the case stands essentially where it did when the Court denied Defendant’s Motion for Judgment on the Pleadings.”
Plaintiffs description is accurate. In consequence, we find the Government’s motion for summary judgment to be premature in view of the purpose of our order of October 31. The factfinding process mandated by that order has barely gotten underway. The filing of a dispositive motion was inappropriate at this time.
Accordingly, after consideration of the submissions of the parties, without oral argument of counsel, defendant’s motion for summary judgment is denied (but without prejudice to its ability to refile a similar motion at a later, more suitable time). This cause is remanded to the trial judge for further appropriate proceedings.